IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| BARBARA HOLLAND, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 1:05-cv-237-WKW |
| ) | (WO) |
| MGA, INC., *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

This case is the sixth in the series of civil actions under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-1968 (2000 Ed. and Supp. III) against MGA, Inc. ("MGA") and others, all of which were filed in 2005 by the same plaintiffs' counsel representing six distinct plaintiffs. Three cases were filed in the Northern District of Alabama,[1] and this is the second case in the Middle District of Alabama.[2] One case was filed in the Middle District of Georgia.[3] This case is before the court on the motions to dismiss of MGA (Docs. #12 and #62), United Parcel Service, Inc. ("UPS") (Doc. #49), Select Media Services, LLC ("SMS") (Doc. #55), LFP, Inc. ("LFP") (Doc. #30), Mile High Media ("MHM") (Docs. #19 and #63), Digital Sin, Inc. ("DSI")

---

[1] *See William Eric Clark v. MGA, Inc., et al.*, CV-05-AR-0208-S (N.D. Ala. 2005) (hereinafter "*Clark I*") filed on April 11, 2005. *See also William Eric Clark v. MGA, Inc., et al.*, CV-05-B-0633-S (N.D. Ala. 2005) on appeal U.S.C.A. #06-12857DD (hereinafter "*Clark II*"). On August 4, 2005, the same plaintiff's counsel filed *Angie Carter, et al. v. MGA, Inc., et al.,* CV-05-AR-1662 (M.D. Ala.) (hereinafter "*Carter*").

[2] *See Timothy R. Odom v. MGA, Inc., et al.*, 1:05-CV-00059-MEF-DRB (M.D. Ala. 2005) (hereinafter "*Odom*"), filed on January 24, 2005.

[3] *See Russell Whitaker, et al. vs. MGA, Inc., et al.,* 1:05-CV-99, (M.D. Ga.) on appeal U.S.C.A. #06-15025DD (hereinafter "*Whitaker*"). The *Whitaker* complaint was filed on July 20, 2005.

(Docs. #45 and #61), and Fraserside Holding, LTD ("Fraserside") (Doc. #79).[4]  Also pending is a Motion to Strike Response filed by Fraserside (Doc. #86), and Plaintiff's Motion for Leave to Join Additional Defendants (Doc. #87).  For the reasons set forth herein, the court finds that all the motions to dismiss are due to be granted, the motion to strike is due to be denied as moot, and plaintiff's motion for leave to join additional defendants is due to be denied.

## PROCEDURAL AND FACTUAL BACKGROUND

The Complaint as amended (Doc. #37) purports to state a cause of action against all defendants for economic injuries to Plaintiff caused by the actions of Defendants under 18 U.S.C. §§ 1462, 1465 and 18 U.S.C. § 1466.  Plaintiff avers that these Defendants "conspired to transport obscene materials into Alabama and across the United States and Canada for commercial sale, and operated an enterprise for that purpose in order to make money." (*Id. at* ¶ 1*)*  Plaintiff claims to be a competitor of MGA who "rents and sells videotapes/CDs/DVDs of motion pictures . . ." (*Id.* at ¶ 4), and who suffered damages because she is unable to compete with MGA.[5]  This latter circumstance is alleged to be due to MGA's substantially profitable distribution of obscene materials, allowing MGA to distribute non-obscene materials "at a much lower price than plaintiff. . . ." (*Id. at* ¶ *8*)  Plaintiff seeks $15,000,000 in damages, plus costs and a reasonable attorney's fee.

---

[4]  Each defendant in this case has been a defendant in each of the other five cases, except LFP, MHM, DSI and Frasierside were not defendants in *Clark I*.

[5]  Plaintiff does not dispute, however, that defendant MGA has never had a store in Samson, Alabama, the location of Plaintiff's business.

**DISCUSSION**

The allegations in the amended complaint are for all practical purposes identical to the allegations in the five previous cases cited above. *Odom*[6] and *Clark I*[7] were voluntarily dismissed pursuant to Fed. R Civ. P. 41(a)(1); *Clark* II was dismissed by order;[8] *Carter* was ordered dismissed,[9] appealed, and affirmed on appeal;[10] and *Whitaker* was dismissed.[11] In *Carter*, the Eleventh Circuit held: (1) "Plaintiffs' statements that the materials are obscene are insufficient to survive a motion to dismiss." *Carter* at 4; (2) "Plaintiffs' conclusory allegations that Defendants conspired with each other are insufficient to survive a motion to dismiss." *Id.*; and (3) "Plaintiffs did not allege facts sufficient to support their claims and thus did not meet the requirements of Rule 8." *Id.* at 5.

Consistent with the Eleventh Circuit's opinion in *Carter*, this court concludes Plaintiff has failed to state any cognizable RICO cause of action.[12] Not only is this outcome consistent with the *Carter* opinion, but it comports with the conclusions of three district courts[13] considering identical

---

[6] Doc #34.

[7] Doc. #30.

[8] Doc. #55.

[9] Docs. #23, #38 and #43.

[10] *Carter, et al. v. MGA, Inc. et al.*, 2006 WL 1933788 (11th Cir. 2006) (unpublished).

[11] Doc. #39.

[12] Not addressed in *Carter* or other MGA related district court opinions is the difficulty in proving the direct causal relation between the RICO violation and the alleged injury as required in RICO cases under *Anza v. Ideal Steel Supply Corp.*, 126 S. Ct. 1991 (2006). Certainly Plaintiff failed to plead a sufficiently direct casual connection.

[13] *Carter, Clarke II and Whittaker.*

claims on Rule 12 motions to dismiss. Though the plaintiffs are not identical, the claims and allegations are identical for all relevant purposes. As the beneficiary of, in essence, six opportunities through counsel to state a valid claim, and having had the opportunity to amend the complaint once, plaintiff will not be allowed to replead or add parties.

## **CONCLUSION**

For the foregoing reasons, it is ORDERED:

(1)   The Motion to Strike Response (Doc. #86) is DENIED as moot;

(2)   Plaintiff's Motion for Leave to Join Additional Defendants (Doc. #87) is DENIED;

(3)    The motions to dismiss of MGA (Docs. #12 and #62), UPS (Doc. #49), SMS (Doc. #55), LFP (Doc. #30), MHM (Docs. #19 and #63), DSI (Docs. #45 and #61), and Fraserside (Doc. #79) are  GRANTED.

(4)    A separate judgment dismissing all claims with prejudice will be entered.

DONE this 1st day of November, 2006.

>      /s/   W.  Keith Watkins
> UNITED STATES DISTRICT JUDGE