IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| BARBARA HOLLAND, <br> d/b/a CHOICE VIDEO, <br><br> Plaintiff, <br><br> v. <br><br> MGA, INC., *and all holding companies and affiliated entities doing business as* MOVIE GALLERY, *et al*., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | CASE NO. 1:05-CV-237-WKW <br> [WO] |

## **ORDER**

Before the court are the following motions: Marla Y. Newman's *pro se* motions to vacate the judgment against Malcolm Rance Newman[1] (Doc. # 112; Doc. # 114); Defendant LFP, Inc.'s motion to revive the judgment (Doc. # 115); and Barbara Holland's motion for relief from judgment (Doc. # 117). On December 13, 2017, the court held oral argument on the motions. Present at oral argument were counsel for Defendant LFP, counsel for Barbara Holland, and Barbara Holland. Marla Y. Newman[2] and Malcolm Rance Newman[3] were not present.

---

[1] Marla Y. Newman does not seek to vacate the judgment against Barbara Holland.

[2] Marla Y. Newman was served with all relevant papers and orders, and she participated *pro se* in a joint status conference in preparation for the oral argument. (Doc. # 121.)

[3] Malcolm Rance Newman is a member of the bar of this court. He has been on suspended status since April 3, 2009. Attempts by the court and the parties to serve Malcolm Rance Newman

Malcolm Rance Newman filed this case on behalf of Barbara Holland d/b/a Choice Video. Based on the clear, uncontradicted evidence and an independent review of the record, the court finds that Malcolm Rance Newman was never authorized to represent Barbara Holland or any entity known as Choice Video. At the time the lawsuit was filed, there was no business entity known as "Barbara Holland d/b/a Choice Video."[4] Malcolm Rance Newman never met or spoke with Barbara Holland. Barbara Holland had no or limited dealings with the Defendants, and she had no motive or desire to sue any of them. Until Barbara Holland received Defendant LFP, Inc.'s motion to revive the judgment in May 2017, she was unaware of the existence of this case, the filing of the frivolous appeal, and the judgment awarding attorney's fees and costs for the pursuit of the frivolous appeal.

Barbara Holland bore no personal responsibility for the frivolous appeal. The judgment against Barbara Holland is the product of Malcom Rance Newman's fraud on the court.[5] Moreover, because Barbara Holland was never a party to this case and

---

with the pending motions and the order setting oral argument were unsuccessful. (Doc. # 121.)

[4] Beginning in 1990, Barbara Holland ran a movie rental business called "JPW Enterprises d/b/a Choice Video." In May 2005, shortly after the complaint was filed in this case, she formed an LLC, of which she was a member, and ran the business as BAS Enterprises, LLC, d/b/a Choice Video. (Doc. # 117-1 at1 ¶ 2.)

[5] By appearing on behalf of Barbara Holland, Malcolm Rance Newman fraudulently presented himself as her authorized representative, and he fraudulently represented her as a plaintiff in this lawsuit. Because he was not her attorney, the entire action was a fraud. *See* 28 U.S.C. § 1654 (providing that lawsuits in the courts of the United States may be pleaded and conducted by the *parties*, either personally or by "counsel as, by the rules of such courts . . . are permitted to manage and conduct causes therein"); Fed. R. Civ. P. 11(b) (providing that an attorney who presents a pleading, written motion, or other paper signed in accordance with Rule 11

did not appear in the case prior to entry of the judgment, the judgment is void as to her. Therefore, Barbara Holland is entitled to relief from the judgment awarding attorneys' fees and costs for that appeal.[6] *See* Fed. R. Civ. P. 60(b)(6) ("On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding" on grounds that the judgment is void or for "any . . . reason that justifies relief" not listed in Rule 60(b)(1)-(5)); Fed. R. Civ. P. 60(d)(3) (providing that a court may "set aside a judgment for fraud on the court"); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991) (noting the court's "inherent power . . . to vacate its own judgment upon proof that a fraud has been perpetrated upon the court").[7] *Cf.* Ala. Code § 34-3-22 ("If it is alleged by a party for whom an attorney appears that he or she does so without authority, the court may at any stage of the proceedings, upon proof of the allegation, relieve the party for whom the attorney has assumed to appear from the consequences of his or her acts.").

---

represents that the signed document is warranted by existing law); L.R. 83.1(f) ("Unless disbarred or suspended, attorneys shall be held at all times to represent the parties for whom they appear of record."). (*See also, e.g.,* Doc. # 1 at 5 (signed "Malcolm R. Newman, Attorney for the Plaintiff").)

[6] No party opposes Barbara Holland's request for relief from judgment.

[7] The fraud at issue in this case does not fall under Rule 60(b)(3) of the Federal Rules of Civil Procedure because it does not concern "fraud . . . misrepresentation, or misconduct *by an opposing party*." Fed. R. Civ. P. 60(b)(3) (emphasis added). Moreover, Rule 60 "does not limit a court's [inherent] power to . . . set aside a judgment for fraud on the court." Fed. R. Civ. P. 60(d)(3). Therefore the one-year time limitation contained in Rule 60(c)(3) is inapplicable to Barbara Holland's motion to vacate.

Based on the clear, undisputed evidence, the court finds that Malcolm Rance Newman acted in bad faith and perpetrated a fraud on the court when he filed this case in the name of a person who was not his client. He also violated Alabama state law, the Alabama Rules of Professional conduct, and the local rules of this court.[8] Therefore, the court finds it appropriate to sanction Malcolm Rance Newman by requiring[9] him to pay Defendants' reasonable attorney's fees and costs incurred in relation to this case, and by requiring him to pay Barbara Holland's reasonable attorney's fees and costs incurred in conjunction with her motion for relief from judgment. This sanction is designed as a reasonable and proportional remedy for the damage caused by Malcolm Rance Newman's bad faith conduct. *Chambers*, 501 U.S. 32, 43, 45-46 (1991) (holding that "a federal court has the [inherent] power to

---

[8] *See* Ala. Code 1975 § 34-3-22 ("Any attorney appearing for a person without being employed must, on conviction, be fined not less than $500 and shall be incompetent to practice in any court of this state."); Alabama Rule of Professional Responsibility 1.2(a) ("A lawyer shall abide by a client's decisions concerning the objectives of representation . . . and shall consult with the client as to the means by which they are to be pursued."); Alabama Rule of Professional Responsibility 8.5) ("It is professional misconduct for a lawyer to: . . [c]ommit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects; [e]ngage in conduct involving dishonesty, fraud, deceit or misrepresentation; [or] [e]ngage in conduct that is prejudicial to the administration of justice."); L.R. 83.1(g) ("Attorneys admitted to practice before this Court shall adhere to this Court's Local Rules, the Alabama Rules of Professional Conduct, the Alabama Standards for Imposing Lawyer Discipline, and, to the extent not inconsistent with the preceding, the American Bar Association Model Rules of Professional Conduct. Attorney misconduct, whether or not occurring in the course of an attorney/client relationship, may be disciplined by disbarment, suspension, reprimand, monetary sanctions, removal from this Court's roster of attorneys eligible for practice before this Court, or such other sanction as the Court may deem appropriate.").

[9] If Defendants and Barbara Holland do not wish to pursue an award of fees and costs, they are not obligated by this Order to do so. Attorney's fees or costs will be awarded only to those parties who file a timely motion establishing the reasonable amount of attorney's fees and costs incurred.

control admission to its bar and to discipline attorneys who appear before it," and that, "if a court finds that fraud has been practiced upon it, or that the very temple of justice has been defiled, it may assess attorney's fees against the responsible party" or attorney (citations and internal quotation marks omitted)).

A lawyer is entitled to notice and an opportunity to be heard before sanctions are imposed. *Chambers*, 501 U.S. at 50 (1991) ( "[A] court . . . must comply with the mandates of due process, both in determining that the requisite bad faith exists and in assessing fees."). However, in this case, a show cause order would be futile. Malcolm Rance Newman's whereabouts are unknown. The court's previous service attempts were unsuccessful. Malcolm Rance Newman cannot be found at any address on file with this court or with the Alabama State Bar Association. The court's independent effort to locate his correct address through public records has been unfruitful. Barbara Holland and Defendant LFP, Inc., have also attempted, unsuccessfully, to locate him.

Therefore, the court will allow Malcolm Rance Newman an opportunity to seek relief from the imposition of sanctions under the following conditions: he may appear to oppose the imposition of sanctions no later than 14 days after being served a motion for attorney's fees. If Defendants or Barbara Holland are unable, with reasonable diligence, to timely serve Malcolm Rance Newman with their motions for attorney's fees, or if Malcolm Rance Newman does not file a timely response to

a motion for attorney's fees, then he will be deemed to have waived his right to contest the imposition and amount of sanctions.

Accordingly, and for the reasons stated at oral argument, it is ORDERED as follows:

1. Marla Y. Newman's motions to vacate the judgment against Malcolm Rance Newman (Doc. # 112 and Doc. # 114) are DENIED.

2. Defendant LFP, Inc.'s motion to revive the judgment (Doc. # 115) is DENIED IN PART as to the judgment against Barbara Holland. As to the judgment against Malcolm Rance Newman, the court will reserve ruling on the motion until January 5, 2018, to allow Defendant LFP, Inc., an opportunity to perfect service in accordance with the applicable rules of procedure.

3. **On or before January 5, 2018**, Defendant LFP, Inc., shall file either (1) proof of proper service on Malcolm Rance Newman of the motion to revive the judgment (Doc. # 115), or (2) a notice briefly describing its unsuccessful service attempts and stating whether it wishes to proceed with the motion to revive judgment as to Malcolm Rance Newman.

4. **On or before January 5, 2018**, Barbara Holland or any Defendant may file a well-supported motion for all attorneys' fees and costs incurred as a result of this case, except for the costs and attorneys' fees incurred in litigating appeals. Motions for attorney's fees should be supported with evidentiary submissions establishing

the reasonableness of the award requested.[10] The movants shall file written notice with the court if they are unable, with reasonable effort, to serve Malcolm R. Newman with their motions.

5. Malcolm Rance Newman may respond to any motion for attorney's fees **not later than 14 days after being served** with that motion.

6. **On or before December 22, 2017,** Barbara Holland shall (1) file and serve a proposed order granting her motion for relief from judgment; and (2) submit a copy of the proposed order, in Microsoft Word[11] or Wordperfect format, to the following email address: propord_watkins@almd.uscourts.gov.

The Clerk of the Court is DIRECTED to serve a copy of this order on the following persons at the following addresses by certified mail, return receipt requested:

W. Clarkson McDow, Jr.
United States Trustee
738 Myrtle Drive
Rock Hill, SC 29730

Robert Van Arsdale
Assistant United States Trustee
701 East Broad Street
Suite 4304
Richmond, Va. 23219

---

[10] If, due to the passage of time, Defendants cannot locate billing records using diligent effort, they shall so notify the court in their motions, and they shall present other substantial evidence demonstrating why the fees and costs requested are reasonable.

[11] Microsoft Word format is preferred.

The Alabama State Bar
Disciplinary Commission
P.O. Box 671
Montgomery, AL 36101

Malcolm Rance Newman
219 Crawford Street
Dothan, AL 3630

Malcolm Rance Newman
P.O. Box 6137
Dothan, AL 36302

Malcolm Rance Newman
694 Willa Street
Ozark, AL 36360

Malcolm Rance Newman
2912 Peachtree Drive
Dothan, AL 36303

    DONE this 15th day of December, 2017.

                               /s/ W. Keith Watkins
                        CHIEF UNITED STATES DISTRICT JUDGE