IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| BARBARA HOLLAND, | ) | |
| d/b/a CHOICE VIDEO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:05-CV-237-WKW |
| | ) | [WO] |
| MGA, INC., *and all holding* | ) | |
| *companies and affiliated entities doing* | ) | |
| *business as* MOVIE GALLERY, *et* | ) | |
| *al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION AND ORDER**

Before the court is Barbara Holland's motion for relief from judgment. (Doc. # 117). No Defendant opposes Barbara Holland's request for relief from judgment. On December 13, 2017, the court held oral argument on the motion. Present at oral argument were counsel for Defendant LFP, counsel for Barbara Holland, and Barbara Holland. Malcolm Rance Newman[1] was not present.

On March 14, 2005, Malcolm Rance Newman filed this action on behalf of Barbara Holland d/b/a Choice Video. (Doc. # 1.) At the time he filed the lawsuit,

---

[1] Malcolm Rance Newman is a member of the bar of this court. He has been on suspended status since April 3, 2009. Attempts by the court and the parties to serve Malcolm Rance Newman with the pending motions and the order setting oral argument were unsuccessful. (Doc. # 121.)

there was no business entity known as "Barbara Holland d/b/a Choice Video."[2] Malcolm Rance Newman never met or spoke with Barbara Holland. Barbara Holland had no or limited dealings with the Defendants, and she had no motive or desire to sue any of them. Until Barbara Holland received Defendant LFP, Inc.'s motion to revive the judgment in May 2017, she was unaware of the existence of this case, the filing of the frivolous appeal, the judgment awarding attorney's fees and costs for the pursuit of the frivolous appeal, and the liens Defendants had filed against her personal and business property in an attempt to execute on that judgment.[3] Therefore, based on the clear, uncontradicted evidence and an independent review of the record, the court finds that Malcolm Rance Newman was

---

[2] Beginning in 1990, Barbara Holland ran a movie rental business called "JPW Enterprises d/b/a Choice Video." In May 2005, shortly after the complaint was filed in this case, she formed an LLC, of which she was a member, and ran the business as BAS Enterprises, LLC, d/b/a Choice Video. (Doc. # 117-1 at1 ¶ 2.)

[3] Barbara Holland was unaware of the liens because she was unaware of the judgment in this case and because she had no other reason to check her property titles. The court notes that, due to Malcolm Rance Newman's fraudulent representation of himself as Plaintiff's attorney, the Certificates of Judgment that were issued by the Clerk of the Court and filed in probate court did not include Barbara Holland's address, but did mistakenly include a certification that "Malcolm Rance Newman of the Firm Malcolm R. Newman, P.C., P.O. Box 6137, Dothan, AL, 36302-6137" was Barbara Holland's attorney of record. (*See* Doc. # 114-1.) *See* Ala. Code § 6-9-210. ("The owner of any judgment entered in any court . . . of the United States held in this state may file in the office of the judge of probate . . . a certificate of the clerk . . . of the court by which the judgment was entered, which certificate shall show the style of the court which entered the judgment, the amount and date thereof, the amount of costs, the names of all parties thereto and the name of the plaintiff's attorney . . . . Such certificate shall also show the address of each defendant or respondent, as shown in the court proceedings.").

never authorized to file the complaint or to represent Barbara Holland or any entity known as Choice Video.

Based on the clear, undisputed evidence, the court finds that Malcolm Rance Newman acted in bad faith and perpetrated a fraud on the court when he filed this case in the name of a person who was not his client.[4] Barbara Holland bore no personal responsibility for the frivolous appeal and, but for Malcolm Rance Newman's fraudulent representation that Barbara Holland d/b/a Choice video was his client, Barbara Holland would never have been held liable for attorney's fees for that appeal. Solely because of Malcolm Rance Newman's fraud on the court, judgment was erroneously entered against Barbara Holland for attorney's fees Defendants incurred in contesting the frivolous appeal that Malcolm Rance Newman filed without Barbara Holland's knowledge or participation. Thus, the judgment

---

[4] He also violated Alabama state law, the Alabama Rules of Professional conduct, and the local rules of this court. *See* Ala. Code 1975 § 34-3-22 ("Any attorney appearing for a person without being employed must, on conviction, be fined not less than $500 and shall be incompetent to practice in any court of this state."); Alabama Rule of Professional Responsibility 1.2(a) ("A lawyer shall abide by a client's decisions concerning the objectives of representation . . . and shall consult with the client as to the means by which they are to be pursued."); Alabama Rule of Professional Responsibility 8.5) ("It is professional misconduct for a lawyer to:  . . [c]ommit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects; [e]ngage in conduct involving dishonesty, fraud, deceit or misrepresentation; [or] [e]ngage in conduct that is prejudicial to the administration of justice."); L.R. 83.1(g) ("Attorneys admitted to practice before this Court shall adhere to this Court's Local Rules, the Alabama Rules of Professional Conduct, the Alabama Standards for Imposing Lawyer Discipline, and, to the extent not inconsistent with the preceding, the American Bar Association Model Rules of Professional Conduct. Attorney misconduct, whether or not occurring in the course of an attorney/client relationship, may be disciplined by disbarment, suspension, reprimand, monetary sanctions, removal from this Court's roster of attorneys eligible for practice before this Court, or such other sanction as the Court may deem appropriate.").

against Barbara Holland is the product of Malcom Rance Newman's fraud on this court (and on the Eleventh Circuit Court of Appeals).[5] Moreover, because Barbara Holland was never a party to this case and did not appear in the case prior to entry of the judgment, the judgment is void as to her.

Therefore, the court finds (1) that Barbara Holland is entitled to relief from the judgment awarding attorneys' fees and costs for that appeal; (2) that the judgment is void as to Barbara Holland because she was never a party to this lawsuit; and (3) in any event, as to Barbara Holland the judgment is due to be vacated on grounds that it is solely the product of Malcolm Rance Newman's fraud on this court and that this lawsuit was a fraud. *See* Fed. R. Civ. P. 60(b)(4),(6) ("On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding" on grounds that "the judgment is void" or for "any other reason that justifies relief" not listed in Rule 60(b)(1)-(5)); Fed. R. Civ. P. 60(d)(3) (providing that a court may "set aside a judgment for fraud on the court"); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991) (noting the court's "inherent power . . . to vacate its own

---

[5] By appearing on behalf of Barbara Holland, Malcolm Rance Newman fraudulently presented himself as her authorized representative, and he fraudulently represented her as a plaintiff in this lawsuit. Because he was not her attorney, the entire action was a fraud. *See* 28 U.S.C. § 1654 (providing that lawsuits in the courts of the United States may be pleaded and conducted by the *parties*, either personally or by "counsel as, by the rules of such courts . . . are permitted to manage and conduct causes therein"); Fed. R. Civ. P. 11(b) (providing that an attorney who presents a pleading, written motion, or other paper signed in accordance with Rule 11 represents that the signed document is warranted by existing law); L.R. 83.1(f) ("Unless disbarred or suspended, attorneys shall be held at all times to represent the parties for whom they appear of record."). (*See also, e.g.,* Doc. # 1 at 5 (signed "Malcolm R. Newman, Attorney for the Plaintiff").)

judgment upon proof that a fraud has been perpetrated upon the court").[6] *Cf.* Ala. Code § 34-3-22 ("If it is alleged by a party for whom an attorney appears that he or she does so without authority, the court may at any stage of the proceedings, upon proof of the allegation, relieve the party for whom the attorney has assumed to appear from the consequences of his or her acts.").

Accordingly, and for the reasons stated at oral argument, it is ORDERED as follows:

1. Barbara Holland's motion for relief from judgment (Doc. # 117) is GRANTED.

2. The June 5, 2007 Order (Doc. # 109) is VACATED IN PART on grounds that it is VOID IN PART. Specifically, the June 5, 2007 Order (Doc. # 109) is vacated as void to the extent that the Order enters judgment against Barbara Holland and/or "Barbara Holland d/b/a Choice Video" and in favor of LFP, Inc., in the amount of $1,917.03, in favor of Movie Gallery US, LLC, in the amount of $5,614.00, and in favor of Mile High Media, Inc., in the amount of $2,337.00. This

---

[6] The fraud at issue does not fall under Rule 60(b)(3) of the Federal Rules of Civil Procedure because it does not concern "fraud . . . misrepresentation, or misconduct *by an opposing party*." Fed. R. Civ. P. 60(b)(3) (emphasis added). Moreover, Rule 60 "does not limit a court's [inherent] power to . . . set aside a judgment for fraud on the court." Fed. R. Civ. P. 60(d)(3). Therefore, the one-year time limitation contained in Rule 60(c)(3) is inapplicable to Barbara Holland's motion to vacate.

Order relieves Barbara Holland and "Barbara Holland d/b/a Choice Video" from any and all liability to any Defendant for the judgment in this case.

3. The June 5, 2007 judgment (Doc. # 109) remains valid and shall continue in force solely against Malcolm Rance Newman ("Malcolm R. Newman, Esq."). Malcolm Rance Newman ("Malcom R. Newman, Esq.") shall continue to remain liable for the June 5, 2007 judgment (Doc. # 109) against him and in favor of LFP, Inc., in the amount of $1,917.03, in favor of Movie Gallery US, LLC, in the amount of $5,614.00, and in favor of Mile High Media, Inc., in the amount of $2,337.00.

4. As to Barbara Holland and/or "Barbara Holland d/b/a Choice Video," Defendants shall make no further attempts to execute on the judgment.[7] Defendants shall provide any reasonable cooperation necessary to relieve Barbara Holland and/or "Barbara Holland d/b/a Choice Video" of any and all liens Defendants previously filed in attempt to execute on the judgment in this case.

If Barbara Holland or any Defendant reasonably incurs attorney's fees or costs in conjunction with state court proceedings to remove liens or otherwise relieve Barbara Holland and/or "Barbara Holland d/b/a Choice Video" of liability for the judgment, they may, if they wish, move this court for an order requiring Malcolm

---

[7] This Order does not preclude Defendants from executing on the June 5, 2007 judgment as to Malcolm Rance Newman ("Malcolm R. Newman, Esq."), or, to the extent provided by applicable law, as to his successors, heirs, and assigns.

Rance Newman to reimburse the attorney's fees and costs incurred in those state court proceedings.[8] Reasonable attempts shall be made to serve any such motion on Malcolm Rance Newman, *along with a copy of this Order*. The movants shall file written notice with the court if they are unable, with reasonable effort, to serve Malcolm Rance Newman. If Defendants or Barbara Holland are unable, with reasonable diligence, to serve Malcolm Rance Newman with their motions for attorney's fees and costs and a copy of this Order, or if Malcolm Rance Newman does not file a response **on or before 14 days after being served with such a motion and a copy of this Order**, then he will be deemed to have waived his right to contest the imposition and amount of the award for attorney's fees and costs incurred in state court.

5. Barbara Holland may request the Clerk of the Court to issue an Amended Certificate of Judgment reflecting that the June 5, 2007 judgment (Doc. # 109) (1) has been vacated in part and is void as to Barbara Holland and/or "Barbara Holland d/b/a Choice Video;" (2) that neither Barbara Holland nor "Barbara Holland d/b/a Choice Video" is liable to any Defendant, including Defendants LFP, Inc., Movie Gallery US, LLC, Mile High Media, Inc., for any amount with respect to the judgment in this case; and (3) that the June 5, 2007 judgment continues and remains

---

[8] The purpose of awarding those fees and costs is to remediate reasonably foreseeable damages proximately caused by Malcolm Rance Newman's fraud on this court. This Order does not preclude the parties from choosing instead to file a motion in state court for costs and attorney's fees.

valid solely against Malcolm Rance Newman ("Malcolm R. Newman, Esq.") and in favor of LFP, Inc., in the amount of $1,917.03, in favor of Movie Gallery US, LLC, in the amount of $5,614.00, and in favor of Mile High Media, Inc., in the amount of $2,337.00.

6. The Clerk of the Court is DIRECTED to serve a copy of this order on the following persons at the following addresses by certified mail, return receipt requested:

W. Clarkson McDow, Jr.
United States Trustee
738 Myrtle Drive
Rock Hill, SC 29730

Robert Van Arsdale
Assistant United States Trustee
701 East Broad Street
Suite 4304
Richmond, Va. 23219

The Alabama State Bar
Disciplinary Commission
P.O. Box 671
Montgomery, AL 36101

Malcolm Rance Newman
219 Crawford Street
Dothan, AL 36301

Malcolm Rance Newman
P.O. Box 6137
Dothan, AL 36302

Malcolm Rance Newman
694 Willa Street
Ozark, AL 36360

Malcolm Rance Newman
2912 Peachtree Drive
Dothan, AL 36303

    DONE this 3rd day of January, 2018.

                                       /s/ W. Keith Watkins
                              CHIEF UNITED STATES DISTRICT JUDGE